IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARNITA AVERY KELLY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:11-CV-3670-TWT-CCH |
| SOUTHEAST TOYOTA FINANCE, | : |
| | : |
| Defendant. | : |

**O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and

any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED this 27th day of October, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARNITA AVERY KELLY, | : CIVIL ACTION NO. |
| | : 1:11-CV-3670-TWT-CCH |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| SOUTHEAST TOYOTA FINANCE, | : |
| | : **FINAL REPORT AND** |
| Defendant. | : **RECOMMENDATION** |

Plaintiff Arnita Avery Kelly, acting *pro se*, seeks leave to file this civil action *in forma pauperis,* without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). The Affidavit in support of Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [1] indicates that Plaintiff is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**. Therefore, this action shall proceed as any other civil action, and Plaintiff shall be allowed to proceed without prepayment of a filing fee.

Pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, service of a complaint made *in forma pauperis* is effected by the United States Marshal's Service. *See* Fed. R. Civ. P. 4(c)(3). In the instant action, the allegations in Plaintiff's Complaint suggest that Plaintiff has failed to state a claim upon which this Court may

grant relief. If so, the Court may dismiss the action without ordering service by the Marshal's Service. The Clerk is **DIRECTED** to refrain from forwarding the Complaint to the United States Marshal's Service for the purpose of effecting service until the District Judge orders otherwise.

Under 28 U.S.C. § 1915(e)(2), a federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In order to state a claim for which relief may be granted, a plaintiff may not merely plead facts in a complaint sufficient to find a claim to relief is conceivable; instead, there must be sufficient facts to demonstrate that the claim made is *plausible*. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere conclusory statements are not facts that can make a claim plausible. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has reviewed Plaintiff's claims and finds that she has failed to allege sufficient facts to state a plausible claim against Defendant Southeast Toyota Finance. Plaintiff purports to bring a claim for "truth in lending" violations allegedly related to a loan to purchase a 2006 Toyota 4 Runner vehicle, which the Court will interpret as asserting a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* In support of that claim, Plaintiff asserts in conclusory fashion that Defendant "holding the notes failed to disclose all." Compl. [1] at ¶ 3. Similarly, Plaintiff states that "Defendant altered the contract (note) voiding the enforcement of any remedy it may have had prior to such alteration whereby Plaintiff demands to inspect the original note." *Id.* at ¶ 5.

Plaintiff, however, has failed to allege any facts regarding the loan transaction, including the date on which she obtained any loan from the Defendant, nor does she state any facts indicating the terms of the alleged "note," or what specific disclosures the Defendant allegedly failed to make in violation of TILA. Plaintiff alleges that Defendant "altered the contract," but she fails to explain how the Defendant altered the contract or how the alleged "alteration" constituted a violation of TILA. Absent these supporting factual allegations, the undersigned finds that Plaintiff has failed to state a claim on which relief can be granted and this action must be dismissed under *Twombly* and *Iqbal*. "While notice pleading may not require that the pleader allege a

3

specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007); *see also Mother: Vertis-Mae v. Argent Mortg. Co.*, Civil Action No. 1:07-CV-2469-TWT, NDGa, 2008 WL 1995363 (May 5, 2008) ("With respect to Plaintiffs' asserted TILA claim, Plaintiffs fail to state what disclosures should have been made or to state otherwise how Defendants violated TILA.").

Accordingly, although Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, the undersigned **RECOMMENDS** that this action be **DISMISSED**. As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

IT IS SO RECOMMENDED this 27th day of October, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE